# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Damon Elliott,  :
  :
  Plaintiff,  :
  :
  v.  :  Civil Action No. 17-1022 (CKK)
  :
U.S. General Services Administration,  :
  :
  Defendant.  :

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion for Summary Judgment, ECF No.

14. For the reasons discussed below, the motion is granted.

## I. BACKGROUND

Plaintiff has been charged with, tried for, and convicted of a federal offense committed

on property located at 3696 Sellman Road, Building No. 22, Beltsville, MD 20705 ("Building

22"). *See* Compl. at 1. According to plaintiff, the government claimed that Building 22 is

"within the special maritime and territorial jurisdiction [of] and belong[s] to the United States."

*Id*.; *see* Mem. of P. & A. in Opp'n to the Mot. ("Pl.'s Opp'n"), Ex. ("Pl.'s Aff."). Pursuant to the

Freedom of Information act ("FOIA"), *see* 5 U.S.C. § 552, plaintiff submitted a request to the

General Services Administration ("GSA") for "records . . . demonstrating jurisdiction over

[Building 22.]" Compl. at 1. For example, plaintiff sought "copies of all prior owners,

outstanding liens, encumb[r]ances, encroachments, rights of way and easements associated with

[the] property," blueprints, or any other records "that support the actual existence and U.S.

Government property for the alleged address 3696 Sellman Road Building 22[.]" *Id*. at 6 (March

1, 2017 FOIA Request).

Although GSA did not receive a copy of plaintiff's March 1, 2017 request, apparently it

received a substantially similar request dated March 21, 2017. *See* Mem. in Support of Def.'s

Mot. for Summ. J., Lewis Decl. ¶¶ 3-4. GSA took the following action:

> 6. Pursuant to [GSA's] standard procedure, [the Freedom of
> Information Act (FOIA) & Records Management Division of the
> Office of Administrative Services] contacted the Real Estate
> Division, . . . the office [which] keeps records of all the properties
> owned[] or leased by GSA[.] The Real Estate Division [advised]
> that there are no responsive records for either request because
> [Building 22] that is the subject of the FOIA requests is not owned[]
> or leased by the [GSA].
>
> 7. Upon received notice from the Real Estate Division that there are
> no responsive records to Plaintiff's requests, GSA provided a
> written response to Plaintiff explaining that [it] has no responsive
> records to either of this two (2) FOIA requests.

Lewis Decl. ¶¶ 6-7. "[D]issatisfied with the non-response[,]" plaintiff filed this civil action on

May 15, 2017. Compl. at 1.

## II. DISCUSSION

"FOIA cases typically and appropriately are decided on motions for summary judgment."

*Moore v. Bush*, 601 F. Supp. 2d 6, 12 (D.D.C. 2009) (citations omitted). Under Rule 56 of the

Federal Rules of Civil Procedure, the court grants summary judgment if the pleadings, disclosure

materials on file, and affidavits "show[ ] that there is no genuine issue as to any material fact and

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Judicial Watch*

*v. Dep't of the Navy*, 25 F. Supp. 3d 131, 136 (D.D.C. 2014) (citing *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 247 (1986)). In a FOIA case, this court conducts a *de novo* review of the

record, and the federal agency bears the burden of proving its compliance with its obligations under the FOIA. 5 U.S.C. § 552(a)(4)(B); *see Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

"A requester dissatisfied with the agency's response that no records have been found may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999); *see Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 67 (D.C. Cir. 1990). GSA prevails on summary judgment if it "show[s] that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby*, 920 F.2d at 68 (citations omitted). It may rely on a declaration to demonstrate that its search was reasonable, and the supporting declaration must be "reasonably detailed [and] nonconclusory." *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (citation omitted). "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Id.* (emphasis in original). An agency's declaration is accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal citation and quotation omitted).

GSA's declarant explains that plaintiff's FOIA request made its way to the Real Estate Division, the office which maintains records about properties the GSA owns and leases. *See* Lewis Decl. ¶¶ 5-6. Because Building 22 is neither owned nor leased by the GSA, the declarant concludes that the GSA does not have records responsive to plaintiff's request. *See id.* ¶ 6.

According to plaintiff, a witness for the prosecution "testified under oath that . . . Residence 3696 Sellman Road Building No. 22 is within the special maritime and territorial jurisdiction of the United States and property belonging to the [GSA] and is on the North Farm of the Beltsville Agriculture Research Center." Pl.'s Aff. Taking into consideration this trial testimony along with the GSA's failure to produce records proving federal ownership or control of Building 22, plaintiff reached the conclusion that the federal government "never owned or leased" it. *Id.* Yet plaintiff has remained "in prison based on the government claiming ownership and jurisdiction over [Building 22]" for more than 20 years. *Id.*

Plaintiff's opposition also cites relevant legal authority regarding an agency's obligations under the FOIA to conduct a good faith search for records responsive to a FOIA request. *See* Pl.'s Opp'n at 1-2. Missing, however, is any legal argument or reference to any materials in the record to show that a genuine issue of material fact exists as to the adequacy of the GSA's search or its compliance with the FOIA.

The GSA's supporting declaration is short on details, but it need not "set forth with meticulous documentation the details of an epic search for the requested records." *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). It sufficiently explains why GSA's staff forwarded plaintiff's request to the Real Estate Division and why GSA had no responsive records: GSA neither owns nor leases Building 22. The results, or lack of results, of the search do not undermine its adequacy. *See Hornbostel v. U.S. Dep't of the Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003), *aff'd*, No. 03-5257, 2004 U.S. App. LEXIS 18195, at *1 (D.C. Cir. Aug. 25, 2004) (per curiam). And it cannot be said that GSA wrongfully withholds information about a property it neither owns nor leases. *See SafeCard Servs.*, 926 F.2d at 1201 (finding that the

4

agency's "failure to make hopeless and wasteful efforts to locate copies that would never have

been created in the normal course is not a ground for reversal of the district court").

III. CONCLUSION

GSA demonstrates that it has complied with its obligations under the FOIA.

Accordingly, its motion for summary judgment is granted. An Order is issued separately.


DATE: January 24, 2018        /s/
                                COLLEEN KOLLAR KOTELLY
                                United States District Court Judge